IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs June 23, 2015

**STATE OF TENNESSEE v. DANIEL H. JONES**

**Appeal from the Criminal Court for Sullivan County**
**Nos. S52,468; S53,124; S53,126; S53,127     James F. Goodwin, Judge**

_____

**No. E2014-02463-CCA-R3-CD – Filed July 24, 2015**
_____

Defendant, Daniel H. Jones, is currently serving an effective sentence of thirty-one years for a multitude of convictions. In October 2014, Defendant filed a motion under Tennessee Rule of Criminal Procedure 36.1, alleging that his aggregate sentence is illegal because it exceeds the maximum sentence for a Range I offender convicted of a Class B felony. The trial court summarily dismissed the motion, finding that Defendant had failed to state a colorable claim. Upon our thorough review of the record, we determine that Defendant has not presented a colorable claim for relief. Therefore, we affirm the decision of the trial court in full.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ALAN E. GLENN, J., joined.

Daniel H. Jones, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Barry P. Staubus, District Attorney General; and Kent Chitwood, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

This is another attempt in a series of futile attempts by Defendant to attack sentences for criminal convictions that were imposed nearly seven years ago. This

attempt rests on Defendant's belief that Tennessee Rule of Criminal Procedure 36.1 offers salvation where all other attempts have failed.

*Factual and Procedural Background*

In August of 2008, Defendant was convicted of possession of .5 grams or more of cocaine with the intent to sell in Case Number S53,124. Defendant was sentenced to eleven years in incarceration as a Range I, standard offender for this conviction. Defendant filed a direct appeal of this conviction. This Court found that the evidence was sufficient and that the trial court did not abuse its discretion in admitting the evidence. *See State v. Daniel H. Jones*, No. E2010-00016-CCA-R3-CD, 2011 WL 2347711, at *1 (Tenn. Crim. App. June 6, 2011), *perm. app. denied* (Tenn. Sept. 21, 2011) ("*Jones I*").[1]

On the same day in 2008 that the trial court sentenced Defendant in Case Number S53,124, Defendant pled guilty in three additional cases. In Case Number S52,468 Defendant pled guilty to one count of aggravated assault, a Class C felony. In Case Number S53,126 Defendant pled guilty to one count of possession of .5 grams or more of cocaine for sale, a Class B felony; one count of drug paraphernalia, a Class A misdemeanor; and one count of maintaining a dwelling where drugs are used or sold, a Class D felony. In Case Number S53,127 Defendant pled guilty to possession of cocaine for sale, a Class C felony. For all felony offenses, Defendant was sentenced as a Range I, standard offender.

Pursuant to the plea agreement, Defendant was sentenced in Case Number S52,468 to a sentence of four years for aggravated assault; in Case Number S53,126 to sentences of twelve years for possession with intent to sell, eleven months and twenty-nine days for possession of drug paraphernalia, and two years for maintaining a dwelling where drugs are used or sold; and in Case Number S53,127, to a sentence of four years for possession with intent to sell. *Id.* The sentences in each case were ordered to be served consecutively, with the sentences in Case Number S53,126 running concurrently with each other, for a total effective sentence of twenty years as a Range I, standard offender. *Id.* This effective twenty-year sentence was ordered to be served consecutively to the eleven-year sentence in Case Number S53,124, for a total sentence of thirty-one years. *See State v. Daniel Henderson Jones*, No. E2009-00182-CCA-R3-CD, 2010 WL

---

[1] Defendant's challenge to this conviction did not end with the direct appeal. He sought and was denied federal habeas corpus relief with respect to this conviction. *See Daniel H. Jones v. David A. Sexton, Warden*, No. 2:11-CV-302, 2014 WL 415953, at *1 (E.D. Tenn. Feb. 4, 2014). Defendant also filed a lawsuit against the trial judge, the assistant district attorney, and his own trial counsel. *See Daniel H. Jones v. Robert H. Montgomery, Jr.*, No. E2014-00811-COA-R3-CV, 2014 WL 2095353, at *1 (Tenn. Ct. App. May 19, 2014), *perm. app. denied* (Tenn. Sept. 24, 2014). It was dismissed in a per curiam order on the basis that the notice of appeal was untimely. *Id.*

2812621, at *1 (Tenn. Crim. App. July 16, 2010), *perm. app. denied* (Tenn. Nov. 12, 2010) ("*Jones II*").[2]

Defendant filed a motion for reduction of sentence, in which he alleged that the total length of his sentences exceeded the sentencing range for a Range I, standard offender for a single Class B felony. *Id.* This Court determined that "the sentences were imposed pursuant to a plea agreement, and . . . all elements of the sentencing decision were agreed to by the parties and not open to consideration by the trial court." *Id.* at *3. Because "no new developments" had occurred, this Court determined in *Jones II* that the trial court did not abuse its discretion in denying Defendant's motion for reduction of sentence. *Id.*

This complicated procedural history brings us to Defendant's most recent attempt to challenge his sentence. On October 2, 2014, Defendant filed a motion for correction of an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure ("the Rule"). Accompanying the motion were an affidavit and memorandum of law. Defendant argued that his sentence was "beyond the range of his punishment . . . for his class of offense." In other words, he complains that he was sentenced to more than twelve years as a Range I, standard offender for a Class B felony. The trial court dismissed the motion without a hearing and without appointment of counsel, finding as follows:

> None of [Defendant's] class B felony convictions are for more than twelve years. [Defendant] has failed to state a colorable claim as to his assertion. The length of sentence in each of [Defendant's] cases is authorized by statute. [Defendant] did not receive a sentence outside of Range I for any class of felony for which he was convicted.
>
> [Defendant] also makes vague assertions that he did not understand his sentence or that he believed he was being sentenced as a mitigated offender. However the guilty plea acceptance form belies these assertions because it clearly outlines the length of the agreed sentence as well as the range of punishment. . . .

---

[2] From this Court's opinion in *Jones II*, we have gleaned that Defendant was originally charged with aggravated rape in Case Number S52,468. 2010 WL 2812621, at *1. The State added the charge of aggravated assault, via information, in order to dismiss the aggravated rape charge and consummate the plea agreement. Defendant later expunged the records related to the dismissed charge. He later attempted to use the order expunging the records to remove his name from the sex offender registry via a writ of mandamus, even though his name appeared on the registry as a result of a rape conviction from Kentucky. *Daniel H. Jones v. Mark Gwyn, Director*, No. E2011-00084-COA-R3-CV, 2011 WL 4477999, at *1-2 (Tenn. Ct. App. Sept. 7, 2011), *perm. app. denied* (Tenn. Nov. 17, 2011).

It is from this order of dismissal that Defendant now appeals.

*Analysis*

Appellant maintains his argument that the trial court erroneously sentenced him outside of the applicable sentencing range. The State contends that Appellant's sentence is not illegal.

Pursuant to section (b) of the Rule, the motion must state a colorable claim that the sentence is illegal in order for a defendant to be entitled to appointed counsel and a hearing. "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014) (quoting Tenn. Sup.Ct. R. 28 § 2(H)), *perm. app. denied* (Tenn. Dec. 18, 2014) (alteration in original).

It is clear from the record, as well as Defendant's argument, that he received an in-range, legal sentence on each and every one of his convictions—whether the sentence was the result of a conviction by a jury or a negotiated guilty plea. There is nothing in the record to support Defendant's argument that his sentences were not authorized by or directly contravened an applicable statute.

Moreover, a panel of this Court has addressed a nearly identical argument and concluded that the defendant failed to present a colorable claim. *State v. Kevin Dewitt Ford*, No. M2014-01401-CCA-R3-CD, 2015 WL 1164166, at *2 (Tenn. Crim. App. Mar. 11, 2015), *perm. app. denied* (Tenn. May 14, 2015) (determining that a defendant convicted of a Class B felony as a Range I standard offender and sentenced to ten years for each conviction did not state a colorable claim that his sentences were illegal).

Conclusion

The trial court got it exactly right. Defendant herein did not present a colorable claim. Consequently, we affirm the judgment of the trial court summarily dismissing Defendant's petition and taxing the cost to Defendant. Nothing in the record supports Defendant's claim of his inability to pay pursuant to the requirements of Tennessee Code Annotated section 41-21-805.

_____
TIMOTHY L. EASTER, JUDGE